UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ALTICOR, INC.,

    Plaintiff/Counter-Defendant ,

Case No. 1:03-CV-350

v.

Hon. Richard Alan Enslen

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

**ORDER**

    Defendant/Counter-Plaintiff.
_____/

"And ale we drank and songs we sung . . ." Charles Henry Webb, *Dum vivimus vigilamus*

Today's drink is ALE, not the beverage, but "Allocated Loss Expenses," a term of art introduced to indemnity contracts between insurers and certain insureds who wish to make some alteration of the basis payment structure reflected in standard liability policies and insurance rates.[1] Such indemnity contracts are rare, and the circumstances of this suit would suggest that they will remain so given that they have fostered further uncertainty as to the insurance coverage.

In particular, Plaintiff Alticor, Inc. entered into indemnity agreements as part of its liability insurance program through Defendant National Union Fire Insurance Company of Pittsburgh, Pa. Those agreements included ALE terms under which Plaintiff now claims that Defendant is required to pay for some of the defense costs of a set of three baseless but large Texas defamation lawsuits (the defense of which has run into the millions). This suit is brought under the Declaratory Judgment

---

[1] Other cases involving "Allocated Loss Expenses" clauses include: *Eastern Air Lines, Inc. v. Ins. Co. of Pa.,* 2001 WL 1111514, *5-6 (S.D.N.Y. Sept. 21, 2001); *B.F. Goodrich Co. v. American Motorists Ins. Co.*, 1986 WL 191786, *2 (N.D. Ohio May 22, 1986); *Callahan v. RPC Energy Servs., Inc.*, 1993 WL 557679, *1 (E.D. La. Dec. 30, 1993); *Fonseca v. Fetter*, 2001 WL 1868855, *1-2 (Ohio Com. Pl. June 15, 2001).

Act, 28 U.S.C. § 2201, and state law (*i.e.,* a diversity suit pursuant to 28 U.S.C. § 1332) regarding Plaintiff's rights under the insurance policies issued by Defendant for the relevant years. (*See* Dkt. No. 41 & Ex. B.) Both parties have moved for summary judgment, arguing that the pertinent policy language requires summary judgment in their favor.

Under the language of Federal Rule of Civil Procedure 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255). The factual record presented must be interpreted in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Upon review of the two motions, summary judgment must be denied as to both. Summary judgment must be denied to Defendant because its legal premises are simply mistaken. The three Texas lawsuits which involved no real defamation, but vague allegations of such, constitute a single "occurrence" or "offense" within meaning of the policy language such that Plaintiff has exhausted its $2 million deductible, assuming that the duty to indemnify defense costs applies under the other policy language.

Plaintiff's summary judgment motion also fails, though it is a much stronger motion.[2] Plaintiff's motion fails because the ALE terms in the indemnity contracts are vague and require extrinsic evidence for their interpretation. *See School Dist. for Royal Oak v. Cont'l Cas. Co.,* 912 F.2d 844, 850 (6th Cir.1990). While much of the extrinsic evidence favors Plaintiff's interpretation of the policy language, the testimony of Defendant's underwriter, Thomas O'Rourke, is sufficient to create a genuine issue of material fact as to whether the policies for the pertinent years intended to transfer defense risk under the ALE provisions. (Def.'s Ex. C, 12-38.) He supports his opinion based on his analysis of the premium charges as well as the 1996/1997 policy language which was arguably included to refute a claim for coverage.[3] (*Id.* at 80, 84-87, 93-97.) A jury hearing this case would be entitled to disbelieve the extrinsic evidence of either side, making it impossible to determine a winner in the context of summary judgment practice. As such, both summary judgment motions will be denied, including all requests for policy reformation.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Alticor, Inc.'s Motion for Summary Judgment (Dkt. No. 201) and Defendant National Union Fire Insurance Company of Pittsburgh, Pa.'s Motion for Summary Judgment (Dkt. No. 198) are **DENIED**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
September 23, 2005  RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE

---

[2]It is a stronger motion because of Michigan's understanding of the duty to defend, *see Am. Bumper & Mfg. Co. v. Hartford Fire Ins. Co.,* 550 N.W.2d 475, 481 (Mich. 1996); *Aetna Cas. & Sur. Co. v. Dow Chemical Co.*, 44 F. Supp. 2d 847, 852-53 (E.D. Mich. 1997) and cases cited therein, but also because it is supported by a significant amount of credible and persuasive extrinsic evidence as explained in Plaintiff's briefs, including evidence which shows that O'Rourke has acted inconsistent with the non-coverage opinion he suggests.

[3]The Court understands that Plaintiff's position is that the atypical policy language was simply an error which should be reformed.

3